*If this opinion indicates that it is "FOR PUBLICATION," it is subject to
revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

GREENWOOD LODGE LLC, SUZANNE E.
MALENFANT and MICHAEL A. MALENFANT,
Trustees of the SUZANNE E. MALENFANT
REVOCABLE TRUST, JAMES M. NIELD and
MARTHA LOUISE SMITH NIELD, Trustees of the
JAMES M. NIELD REVOCABLE TRUST and of
the MARTHA LOUISE SMITH NIELD
REVOCABLE TRUST, ALLEN J. WILKINS,
JOYCE A. WILKINS, KBD ADVISORS LLC,
DAVID W. BISHOFF, KAREN VANASSENDERP,
BETH BISHOFF, GREGG A. ECKER and CATHY
J. ECKER, Trustees of the ECKER FAMILY
TRUST, and THOMAS C. FRENCH and CARLA K.
FRENCH, Trustees of the FRENCH LIVING
TRUST,

     Appellants,

V

EMMET COUNTY, and EMMET COUNTY
PLANNING COMMISSION,

     Appellees,

and

WALLOON LAKE COUNTRY CLUB,

     Intervening Appellee,

UNPUBLISHED
July 29, 2026
11:39 AM

No. 373943
Emmet Circuit Court
LC No. 2024-108314-AA

Before: ACKERMAN, P.J., and REDFORD and FEENEY, JJ.

PER CURIAM.

This appeal arises from a zoning decision. At a public meeting on January 11, 2024, Appellee Emmet County Planning Commission (ECPC) approved an application filed by Intervening Appellee Walloon Lake Country Club (Walloon) to amend its special use permit to include a Residential Building Clustering Plan authorized under § 26.39 of the Emmet County Zoning Ordinance (Ordinance).[1] Appellants are local property owners, many of whom were present at the meeting either in person or through counsel, and objected to Walloon's application. On March 8, 2024, they appealed the ECPC's decision to the circuit court under MCR 7.122. The circuit court dismissed their complaint with prejudice, concluding that the appeal was untimely filed and, therefore, the circuit court lacked jurisdiction to consider their complaint. We affirm.

## I. BACKGROUND

In 2023, appellants' counsel filed a complaint with the county alleging that Walloon was providing housing to some or all of its employees on its property. After meeting with the Emmet County Zoning Administrator, who is also the county's Planning and Zoning Director, Walloon decided to apply for a Residential Building Clustering Plan, authorized under § 26.39 of the Ordinance. This plan is available as of right in the zoning district applicable to the affected parcels and, while the zoning administrator had authority to approve this administratively, she opted to defer this authority and Walloon submitted an application for a site plan review of a proposed cluster housing plan.

The actions and dates related to this matter can be summarized as follows:

---

[1] The Ordinance is available online at https://cms2.revize.com/revize/emmetcountynew/Documents/Departments/Planning%20And%20Zoning/ZONING%20ORDINANCE%20&%20AMENDMENTS/Emmet%20County%20Zoning%20Ordinance%20updated%204-2025.pdf?t=202512031007040&t=202512031007040 (accessed June 12, 2026).

| Date | Action Taken | Days after ECPC vote approving housing plan (1/11/2024) | Days after ECPC letter to Walloon (1/22/24) | Days after certification of 1/11/24 meeting (2/8/24) |
|------|-------------|---------|---------|---------|
| 1/11/2024 | ECPC meeting; formal vote to approve application passed | 0 | – | – |
| 1/22/2024 | Written notice from the Emmet County Zoning Administrator to Walloon regarding passage of application | 11 | 0 | – |
| 2/8/2024 | ECPC minutes from 1/11/2024 meeting certified/approved at February 2024 meeting | 28 | 17 | 0 |
| 2/9/2024 | Letter from appellants' counsel to zoning administrator | 29 | 18 | 1 |
| 2/10/2024 | FOIA request sent by appellants' counsel to ECPC | 30 | 19 | 2 |
| 2/12/2024 | FOIA request from appellants' counsel received by ECPC | 32 | 21 | 4 |
| 2/21/2024 | County replied to FOIA request | 41 | 30 | 13 |
| 3/8/2024 | Appellants file appeal in circuit court related to instant case | 57 | 46 | 29 |

Following is a more detailed description. The matter was heard during the ECPC's regular meeting on January 11, 2024. Appellants and their counsel provided extensive public comment and objected to Walloon's application. A motion was made to approve the application at the hearing and it passed following a roll-call vote. The zoning administrator provided written notice of this to Walloon in a letter dated January 22, 2024. At its next meeting, on February 8, 2024, the ECPC certified the minutes from the January 11, 2024 meeting.

Shortly after this, appellants' counsel wrote a letter to the zoning administrator in which he notified her that his clients intended to appeal the January 11, 2024 decision. He asked for her position as to whether it was necessary to first appeal the decision to the zoning board of appeals and, also, sought confirmation as to the applicable dates. With respect to the latter, counsel wrote as follows:

Also, it is my understanding that in the event of an appeal of the [ECPC's] decision to the Circuit Court, such an appeal must be filed within thirty days after the [ECPC] issues its decision in writing signed by the chairperson, or twenty-one days after the [ECPC] approves the minutes of its decision, whichever comes first . . . . Please confirm that there has been no decision in writing signed by the Chairperson of the [ECPC] with respect to the above-referenced cases, and that the minutes from the January 11, 2024 meeting were approved at the [ECPC]'s February 8, 2024 meeting.

Five days later, per a letter dated February 14, 2024, the ECPC's counsel agreed that the Ordinance does not require appeals of special land use decisions to be sent to the zoning board of appeals and confirmed that the minutes were approved at the February 8, 2024 meeting. Counsel also stated that he was "neither authorized by [the] client, nor inclined to agree or disagree with [counsel's] stated understanding of the right or timing for filing an appeal."

Appellants e-mailed a Freedom of Information Act, MCL 15.231, *et seq.* (FOIA) request to the county's FOIA coordinator on Saturday, February 10, 2024.[2] The county provided over 200 pages of responsive documents, including the January 22, 2024 letter, on February 21, 2024—30 days after the January 22, 2024 letter, the date the board or commission issued its decision in writing. MCR 7.122(B). Appellants filed their appeal on March 8, 2024—29 days from the date the ECPC certified the minutes from the January 11, 2024 meeting and 46 days after the January 22, 2024 letter.

The circuit court held two days of oral argument on August 14, 2024, and October 16, 2024. In its opinion dated October 29, 2024, the circuit court determined that "[i]n reviewing the language of the [January 22, 2024] letter, there can be no question that it was issued to provide formal notice of the Planning Commission's decision." Because appellants failed to file their appeal within 30 days of the letter, the circuit court determined that it lacked subject-matter jurisdiction over their complaint. The matter was dismissed with prejudice per order dated November 20, 2024, and a motion for reconsideration was denied per order dated December 18, 2024. Appellants now appeal the circuit court's decision.

## II. ANALYSIS

### A. STANDARD OF REVIEW

"Zoning decisions are appealable by right in the circuit court." *Ansell v Delta Co Planning Comm*, 332 Mich App 451, 455-456; 957 NW2d 47 (2020). We review the circuit court's decision de novo because the circuit court's "interpretation of the pertinent law and its application to the facts at hand present questions of law." *Hughes v Almena Twp*, 284 Mich App 50, 60; 771 NW2d 453 (2009). This is equally true in this matter. Where the pertinent facts are not disputed, a circuit court's determination regarding subject-matter jurisdiction is reviewed de novo, *Zelasko v Bloomfield Charter Twp*, 347 Mich App 141, 155; 14 NW3d 441 (2023), as is the court's

---

[2] Appellants date the FOIA request as Monday, February 12, describing this as the date that the county received it.

interpretation of the applicable court rule. *CAM Constr v Lake Edgewood Condo Ass'n*, 465 Mich 549, 553; 640 NW2d 256 (2002).

## B. DISMISSAL FOR LACK OF SUBJECT-MATTER JURISDICTION

Because there is no subject-matter jurisdiction over an untimely filed appeal, *Krohn v Saginaw*, 175 Mich App 193, 196; 437 NW2d 260 (1988), the question before us is whether the January 22, 2024 letter constitutes the ECPC's decision issued in writing for purposes of the 30-day period for filing a circuit court appeal.

### 1. MCR 7.122(B)

MCR 7.122 governs appeals to the circuit court from determinations on a zoning ordinance. Such appeals must be filed within the period set forth in MCR 7.122(B) as follows:

> An appeal under this rule must be filed within the time prescribed by the statute applicable to the appeal. If no time is specified in the applicable statute, the appeal must be filed within 30 days after the certification of the minutes of the board or commission from which the appeal is taken or within 30 days after the board or commission issued its decision in writing, whichever deadline comes first.

When interpreting a court rule such as this, we utilize the legal principles applicable to statutory construction. *Grievance Administrator v Underwood*, 462 Mich 188, 193-194; 612 NW2d 116 (2000). Specifically, our analysis begins by "considering the plain language of the court rule in order to ascertain its meaning," examining both the "court rule itself and its place within the structure of the Michigan Court Rules as a whole." *Henry v Dow Chemical Co*, 484 Mich 483, 495; 772 NW2d 301 (2009) (quotation marks and citation omitted). Unambiguous language must be enforced "without further judicial construction or interpretation" and "common words must be understood to have their everyday, plain meaning." *Grievance Administrator*, 462 Mich at 194.

The language of MCR 7.122(B) is unambiguous. Neither party has identified a separate statute prescribing a period applicable to this appeal. Therefore, the circuit court appeal "must" have been filed within 30 days after *either* the date that the ECPC's minutes were certified *or* the date that the ECPC "issued its decision in writing, whichever deadline comes first." MCR 7.122(B). The term "must" indicates a mandatory requirement. See *Vyletel-Rivard v Rivard*, 286 Mich App 13, 25; 777 NW2d 722 (2009). By its plain language, MCR 7.122(B) requires that an appeal be filed within the earlier of either the date the ECPC certified its minutes or the date that it issued a decision in writing.

### 2. ECPC DECIDED WALLOON'S APPLICATION AT THE JANUARY 11, 2024 MEETING

The circuit court's determination that the January 22, 2024 letter is the ECPC's decision issued in writing is supported by the record. This letter was signed by the zoning administrator, who is, by definition, empowered "to administer and enforce" the Ordinance and to facilitate review of zoning permit applications. See Emmet Co Zoning Ordinance, Article 2, § 2.01 and Article 27, § 27.

Appellants' position that the letter is insufficient because the zoning administrator is not a member of the ECPC or empowered to either make or finalize its decision is beside the point. MCR 7.122(B) does not require this. Nor is there any question that the decision reported in the letter was the final decision of the ECPC. The ordinance and bylaws governing the ECPC demonstrate that the ECPC finally decided Walloon's application at the January 11, 2024 public meeting and that the January 22, 2024 letter served as written notice and documentation of this to the applicant, Walloon.

Specifically, the ECPC was created and empowered by a March 17, 2011 Ordinance, as amended in 2022 (ECPC Ordinance). Its business transactions are governed by bylaws that the ECPC was required by its ordinance to adopt; and the ECPC Ordinance also requires the ECPC to "keep a record of its resolutions, transactions, findings, and determinations, which records shall be public records." Emmet Co Planning Comm Ordinance, § 12.[3]

The ECPC's bylaws state that the ECPC "shall review and act on all special use permits," and that the ECPC's "action shall be in the form of a motion which shall contain findings of fact and conclusions as to the bases for the motion, and shall include any conditions placed on approval." ECPC Bylaws, Article IX, § 2.[4] Article VII, § 5 of the bylaws identifies voting as the method through which decisions are rendered, i.e., by an "affirmative vote of a majority of Planning Commissioners" and that this "shall be necessary to approve any application or matter before the [ECPC]." Simply put, the reading of the ECPC Ordinance with its bylaws demonstrates that ECPC's decision approving Walloon's application was final when rendered at the January 11, 2024 meeting and, if anything, the certification of the minutes was completed for record purposes, not to affect the finality of the decision. There is no indication that any action beyond the voting, including certification of the meeting minutes, was necessary to make the decision final.

### 3. ECPC ISSUED ITS DECISION IN THE JANUARY 22, 2024 LETTER

Moreover, the circuit court appropriately held that the ECPC issued its decision in writing through the January 22, 2024 letter. The letter provides written confirmation to the applicant that its amended application was approved at the January 11, 2024 meeting. There is no explanation as to what the January 22, 2024 letter is, if it is not the ECPC's decision issued in writing.

Rather, appellants' position on appeal is that the letter cannot serve as the date relevant for a circuit court appeal because it was not signed by the ECPC's chairperson or made publicly

---

[3]     The ECPC Ordinance is available at https://cms2.revize.com/revize/emmetcountynew/Documents/Government/All%20Boards%20and%20Committees/Planning%20Commission/2022-11-17_Planning_Commission_Ordinance_Amended_Signed.pdf?t=202502060916020&t=2025020 60916020 (accessed June 15, 2026).

[4]     The ECPC Bylaws are available online at https://cms2.revize.com/revize/emmetcountynew/Documents/Government/All%20Boards%20and%20Committees/Planning%20Commission/Emmet%20County_PC%20Bylaws%20approved%201_8_2026.pdf?t=202601120932400&t=202601120932400 (accessed June 15, 2026).

available prior to the FOIA request. MCR 7.122(B) requires none of these things. Its unambiguous language requires an appeal of the ECPC's decision be filed within 30 days after the ECPC "issued its decision in writing" where, as here, this occurred prior to certification of ECPC's meeting minutes. MCR 7.122(B). This Court has recognized the date that a planning commission made its decision as the date applicable for appeal in earlier decisions. See *Zelasko*, 347 Mich App at 157-158; *Krohn*, 175 Mich App at 195-197.

And appellants' reliance on *Davenport v City of Grosse Pointe Farms Bd of Zoning Appeals*, 210 Mich App 400; 534 NW2d 143 (1995), is misplaced. There is no mention of the date of a decision issued in writing in *Davenport*. Rather, this Court considered whether the date of the meeting in which the zoning board of appeals rendered its oral decision was the pertinent date for the purpose of appealing to the circuit court under MCR 7.101(B)(1). It was not. Nor is it in this matter. The parties agree that MCR 7.122(B) provides the applicable period for filing the appeal. This rule requires an appeal to be filed within 30 days from either the date the ECPC issued its decision in writing or the ECPC certified its minutes, whichever is earlier, and the circuit court appropriately utilized the earlier date of the January 22, 2024 letter.

We affirm.

/s/ Matthew S. Ackerman
/s/ James Robert Redford
/s/ Kathleen A. Feeney